**Narinder SINGH; et al., Petitioners,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 03–74035.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 10, 2005.

Decided May 23, 2005.

As Amended June 14, 2005.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Kenneth Owen, Esq., Castro Valley, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Andrew C. MacLachlan, Esq., U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: KLEINFELD, HAWKINS, and GRABER, Circuit Judges.

## MEMORANDUM**

Petitioner Narinder Singh and his wife and children, who are natives and citizens of India, petition for review of a decision of the Board of Immigration Appeals ("BIA"), on remand from this court, denying their applications for asylum and withholding of deportation. *See Narinder Singh v. INS*, No. 01–71604, 2002 WL 31863709 (9th Cir. Dec.29, 2002) (unpublished) (remanding this case to the BIA for further proceedings).

Substantial evidence in the record supports the BIA's conclusion that the lead Petitioner's subjective fear of future persecution by the police is not objectively reasonable. *See Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir.2004) (stating that objective reasonableness is a required ele-

ment). The evidence does not *compel* a contrary conclusion. *Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir.2000).

Because the lead Petitioner and his brother—who was persecuted on account of his own imputed political opinion—were differently situated in relevant respects, the record does not compel a conclusion that Petitioner would suffer the same fate as his brother. In addition, the BIA permissibly relied on the fact that Petitioner had resided safely in New Delhi, even though the police in Punjab reportedly remained interested in him. Finally, the BIA permissibly relied on the fact that Petitioner's mother continued to live unharmed in Punjab. In short, although the record would have supported a conclusion different than the one that the BIA reached, a different conclusion is not *compelled.*

The BIA permissibly concluded that Petitioner's fear of future persecution is not objectively reasonable whether the alleged reason for his fear is an imputed political opinion or, instead, is his family relationship to his brother. *See Thomas v. Ashcroft*, No. 02–71656, 2005 WL 1313514 (9th Cir. June 3, 2005) (en banc) (holding that a family can be a particular social group). Moreover, there is no evidence that Petitioner's family ties themselves, as distinct from suspected material support of militants, motivated the police.

For the same reasons, the record does not compel a conclusion that Petitioners met the higher standard for withholding of deportation. *See INS v. Cardoza–Fonseca*, 480 U.S. 421, 430, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987) (stating that the standard for withholding requires a "clear probability of persecution").

PETITION DENIED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.